UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Prince Pilgrim,

                            Plaintiff,

                                                              **Hon. Hugh B. Scott**
                                                                      10CV795
                                                                      Consent

                    v.

                                                                      **Decision
                                                                          &
                                                                      Order**

Lieutenant T. Dixon, et al.,

                            Defendants.

_____

        Before the Court is the plaintiff's motion defendants' motion to set aside the Order

granting the defendants' motion to dismiss (Docket No. 14).


                                        **Background**

        The plaintiff, Prince Pilgrim ("Pilgrim"), commenced this action alleging that his rights

under 42 U.S.C. § 1983 were violated because he was denied due process in connection with a

disciplinary hearing which took place at the Attica Correctional Facility.  Named as defendants

are Lieutenant T. Dixon ("Lt. Dixon"); and Albert Prack, Acting Director of Special Housing,

department of Correctional Services ("Prack").

        More specifically, the plaintiff alleges that on July 5, 2010, he was scheduled for a

urinalysis test but he had difficulty producing urine and was told to sit on a waiting bench in A-

Block. (Docket No. 1 at ¶¶ 1-2).  Pilgrim asserts that a correction officer (identified only as "C.O.

                                            1

Brun") noticed Pilgrim's difficulty and returned Pilgrim to his cell. (Docket No. 1 at ¶4).  On

July 7, 2010, the plaintiff was issued a Misbehavior Report listing two infractions: (1) refusing a

direct order; and (2) urinalysis testing violation.  (Docket No. 1 at ¶5).  On July 10, 2010, a

hearing was commenced with respect to the Misbehavior Report. Lt. Dixon presided over the

hearing. (Docket No. 1 at ¶ 7). The plaintiff states that he objected to proceeding with the hearing

because he was not provided effective assistance by an employee assistant because the assistant

was denied the plaintiff's previous urinalysis test results (which the plaintiff apparently wanted to

introduce as "mitigating" evidence). (Docket No. 1 at ¶ 8). Lt. Dixon noted the plaintiff's

objection, but stated that the requested documents were irrelevant. (Docket No. 1 at ¶ 9). The

plaintiff asserted that he was not guilty of the charged violation because he was not provided with

three hours notice. Pilgrim also called a witness to testify that he was in his cell before the A-

Block recreation bell.  The plaintiff argues that Lt. Dixon discredited his witness, but failed to

discredit C. O. Brun. (Docket No. 1 at ¶¶ 11-12).  Pilgrim was found guilty at the disciplinary

hearing and sentenced to 6 months keeplock;15 months loss of phones; 6 months loss of

commissary; and 9 months loss of recreation.  (Docket No. 1 at ¶ 13).  The plaintiff filed an

administrative appeal, which resulted in the conviction being affirmed, but the penalty reduced to

3 months keeplock; 6 months loss of recreation and other privileges. (Docket No. 1 at ¶16).

The defendants moved to dismiss the complaint on the grounds that the plaintiff has not

established an atypical hardship, and therefore, has not demonstrated a loss of a liberty interest.

The defendants also assert that the facts alleged by the plaintiff do not support a due process

claim.  In the September 9, 2011 Order, the Court held that the plaintiff did not demonstrate that

the conditions which he was subjected to presented an atypical and severe hardship, and thus, the

2

defendants' motion to dismiss was granted on this ground.

In addition, the Court held that even if the plaintiff had set forth facts sufficient to establish a protected liberty interest, the plaintiff has not demonstrated that his due process rights were violated in connection with the July 10, 2010 disciplinary hearing.  In support of his due process claim, the plaintiff asserted two grounds: (1) that he was denied copies of his previous urinalysis reports which would demonstrate prior compliance and (2) that Lt. Dixon did not find the testimony of the plaintiff's witness credible, but instead found the testimony of the correction officer credible.  With respect to the claim that he was denied prior urinalysis test results, the plaintiff acknowledged that Lt. Dixon advised him that documents relating to prior urinalysis tests were not relevant as to whether he was guilty of failing to provide a urine sample in the instance underlying the Misbehavior Report. (Docket No. 1 at ¶ 9).  The Court found that plaintiff had not articulated any basis to find that the prior urinalysis reports were relevant to the issues involved in the July 10, 2010 hearing.  The other proffered basis asserted by the plaintiff was the fact that the hearing officer failed to find the plaintiff's witness to be credible.  It appears that, during the disciplinary hearing, Pilgrim claimed that Correction Officer Brun improperly terminated plaintiff's opportunity to provide a urine sample.  At the administrative hearing, the plaintiff produced a witness to provide testimony to the effect that the plaintiff was in his cell before the recreation period. (Docket No. 8 at page 4).  The plaintiff complained that Lt. Dixon failed to credit the testimony of this witness, and instead credited the testimony of Correction Officer Brun.  The fact that Lt. Dixon made these credibility assessments does not amount to a due process violation. The Court held that to comport with due process, the written findings of a prison disciplinary hearing must be based on "some evidence." Superintendent v. Hill, 472 U.S.

3

445 (1985). This standard is satisfied if "there is any evidence in the record that supports" the decision. <u>Friedl v. City of New York</u>, 210 F.3d 79, 85 (2d Cir.2000) (emphasis in original). In <u>Hill</u>, the Supreme Court made it clear that the Constitution "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Hill</u>, 472 U.S. at 455. Nor does "[t]he Federal Constitution ... require evidence that logically precludes any conclusion but the one reached by the disciplinary board." <u>Hill</u>, 472 U.S. at 457.  Thus, as set forth in <u>Hill</u>, it is not for the court to re-weigh the evidence or the witnesses' credibility at prison disciplinary hearings.  See also <u>Zimmerman v. Seyfert</u>,  2007 WL 2080517 (N.D.N.Y. 2007)(It is not for the court to re-weigh the evidence or the witnesses' credibility at prison disciplinary hearings).

In light of the above, the Court found as a matter of law, that the plaintiff had not articulated facts sufficient to maintain a claim that his due process rights were violated as a result of the underlying disciplinary proceedings.


**Motion to Set Aside**

Pilgrim requested that the court allow him 60 days to file a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Docket No. 12). The Court granted that request. (Docket No. 13). The plaintiff filed a motion seeking to set aside the Court's September 9, 2011 Decision & Order (Docket No. 14).  The Court directed the defendants to respond to the motion by November 23, 2011 (Docket No. 15). The defendants filed a response on that date. (Docket No. 16).  The plaintiff then requested an extension of time to file a reply. (Docket No. 17). The Court granted the plaintiff an extension, until February 10, 2012 to file a reply. (Docket No. 18).

The plaintiff then requested copies of the documents filed in this case, asserting that he had lost his papers when he was moved from one correctional facility to another. (Docket No. 19). The Court granted this request and extended the plaintiff's time to file a reply to April 16, 2012. (Docket No. 20).  By letter dated May 9, 2012, the plaintiff advised the Court that he had not yet received the documents. (Docket No. 21).  The docket reflects that the documents were sent to the plaintiff on June 4, 2012. (See Docket Entry dated June 4, 2012).  Thus, the Court further extended the plaintiff's time to file a reply in this matter to July 13, 2012. (Docket No. 21).  The plaintiff did not file a reply or request any further time to do so.

In his motion to set aside the September 9, 2011 Decision & Order, the plaintiff first notes that his "motion" for default had not been granted. (Docket No. 14 at ¶ 2). The Court notes that the Docket reflects that on December 29, 2010 the plaintiff had filed a request for a Clerk's Entry of Default. (Docket No. 4). The Docket further reflects a notation by the Clerk of the Court stating that the default would not be entered because the executed summons had not yet been filed. (See Docket Entry dated December 29, 2010).

The plaintiff also argues that he had a right to an impartial hearing officer. (Docket No. 14 at ¶ 3). However, the plaintiff's papers articulate no facts to support a claim of impartiality. The mere assertion that the hearing officer did not credit the plaintiff's witness and ruled against the plaintiff is not sufficient in this regard. See Johnson v. Doling, 2007 WL 3046701 (N.D.N.Y. 2007)("The Hearing Transcript reveals a contentious proceeding characterized by frequent interruptions and heated exchanges between Plaintiff and [hearing officer]. Notwithstanding, ... Plaintiff was provided the opportunity to testify, call and question witnesses, and raise objections on which [hearing officer] ruled and explained his reasoning to Plaintiff. Disagreement with

5

rulings made by a hearing officer does not constitute bias.); <u>Dumpson v. Rourke</u>, 1997 WL

610652 (N.D.N.Y. 1997)("Plaintiff also claims that the hearing officer was not impartial.

Plaintiff, however, makes only this conclusory allegation, without any basis whatsoever for the

claim. The fact that the hearing officer did not decide in the plaintiff's favor does not make him

biased in the constitutional sense. Conclusory allegations are insufficient to state a claim under

section 1983."). The plaintiff further argues that he should have an opportunity to obtain

discovery as to the impartiality of the hearing officer. (Docket No. 14 at ¶ 4). The plaintiff does

not identify what discovery he desires to seek in this case. Moreover, the plaintiff failed to argue

that discovery was needed in response to the defendants' motion to dismiss (which was the

subject of the Court's September 9, 2011 Order).

      Rule 60(b) of the Federal Rules of Civil Procedure provides that the court may relieve a

party from a final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason that justifies relief. The Court finds

that the plaintiff's motion does not raise any issue warranting relief under Rule 60(b).

**Conclusion**

The plaintiff's motion to set aside the September 9, 2011 Decision and Order is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 13, 2012

7